UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-21399-CIV-DAMIAN

**JAMES GIULIANI,** *et al.*,

    Plaintiffs,

v.

**SEND ENTERPRISES, LLC**, *et al.*,

    Defendants.
_____/

**OMNIBUS ORDER ON PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT ON COUNT II [ECF NO. 63]
AND MOTION FOR SANCTIONS [ECF NO. 73]**

**THIS CAUSE** is before the Court on Plaintiffs, James Guiliani's and Angela Giuliani's, Motion for Summary Judgment, filed March 26, 2024. [ECF No. 63 (the "Motion for Summary Judgment")], and Motion for Sanctions Pursuant to Court's April 3, 2024 Order, filed April 26, 2024 [ECF No. 73 (the "Motion for Sanctions")] (collectively, the "Motions").

THE COURT has reviewed the Motions and the pertinent portions of the record and is otherwise fully advised.

## I. BACKGROUND

Plaintiffs, James and Angela Giuliani, filed the Complaint in this action on April 13, 2023, alleging Breach of Contract (Count I) against Send Enterprises, LLC, and Breach of Fiduciary Duty (Count II) against Nicole Pearl and Drive Development, LLC. [ECF No. 1 ("Complaint")]. This action arises from a real estate deal for the sale of 3165 Gifford Lane Miami, Florida, that was ultimately cancelled. *See id*. Plaintiffs were to be the buyers of the

property, and they allege that they paid an initial deposit of $487,500 which was never returned to them. *Id.*

On July 3, 2023, Plaintiffs filed a Joint Motion for Entry of Judgment as to Count I, the breach of contract claim against Defendant Send Enterprises. [ECF No. 17]. The Honorable Beth Bloom, the presiding judge at the time, granted Final Judgment as to Count I for Breach of Contract on July 5, 2023, against Defendant Send Enterprises, LLC *only*, in the amount of $487,500. [ECF Nos. 18 and 19]. The case was reassigned to the undersigned on March 13, 2024, for all further proceedings. [ECF No. 61].

Plaintiffs filed the Motion for Summary Judgment now before the Court on March 26, 2024. [ECF No. 63]. In the Motion for Summary Judgment, Plaintiffs contend there is no issue of material fact regarding whether the two remaining Defendants, Drive Development, LLC ("Drive") and Nicole Pearl ("Pearl"), formed a fiduciary relationship with them, whether Defendants acted as their escrow agent, and whether Defendants breached that duty. *Id*. Defendants failed to file a response to the Motion for Summary Judgment, and the time to do so has passed.

Shortly after Plaintiffs filed the Motion for Summary Judgment, on March 29, 2024, Defendants' Attorney, Richard Siegmeister, moved to withdraw as attorney of record for Defendants Drive and Pearl. [ECF No. 65]. After the Court denied the original Motion to Withdraw for failure to comply with this Court's Local Rules, on April 2, 2024, Mr. Siegmeister filed a Renewed Motion to Withdraw as Counsel [ECF No. 68]. Following a Status Conference on April 2, 2024, during which the Court heard from counsel, including Mr. Siegmeister [ECF No. 66], on April 3, 2024, this Court granted the Motion to Withdraw. [ECF No. 70 (the "Withdrawal Order")]. The Withdrawal Order provides:

> [ ] Counsel for Defendants shall be relieved of all further responsibilities related to Defendant Nicole Pearl in these proceedings fourteen (14) days after service of this Order. Defendant, Nicole Pearl shall, within fourteen (14) days of service of this Order, either: (a) retain new counsel, and new counsel shall file a Notice of Appearance, or (b) file a Notice of Intent to Proceed *Pro Se*. ***Failure to do so may result in a default being entered against Defendant Nicole Pearl without further notice.***
>
> [ ] As a corporation, Defendant, Drive Development, LLC, is an artificial entity that is not permitted to appear pro se; therefore, this entity must be represented by licensed counsel at all times. *See e.g.*, *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). This rule applies even where the person seeking to represent the corporation is its president and major stockholder. *Id.* Counsel for Defendants shall be relieved of all further responsibilities related to Defendant Drive Development, LLC in these proceedings fourteen (14) days after service of this Order. Defendant Drive Development, LLC shall, within fourteen (14) days of service of this Order, retain new counsel ***or show cause in writing why a default should not be entered***.

*Id.* at 2 (emphasis added). The Order also instructed Defendants to file a response to Plaintiff's Motion for Summary Judgment on Count II and put Defendants on notice that failure to make an appearance or respond to the Motion could result in sanctions, including imposition of an award of fees and costs. *Id.* at 2-3.

On April 26, 2024, Plaintiffs filed their Motion for Sanctions Pursuant to the Withdrawal Order, arguing that the two remaining Defendants' failure to comply with the Court's Order warrants sanctions. [ECF No. 73].

## II. LEGAL STANDARD

### A.  *Summary Judgment.*

A party may obtain summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)). A

3

fact is material if it might "affect the outcome of the suit under the governing law." *Id.* (citing *Anderson*, 477 U.S. at 247–48). The Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. Further, the Court does not weigh conflicting evidence. *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007) (quoting *Carlin Commc'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

The moving party shoulders the initial burden of showing the absence of a genuine issue of material fact. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Once this burden is satisfied, "the non[-]moving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "the non-moving party must make a sufficient showing on each essential element of the case for which he has the burden of proof." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Accordingly, the non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a reasonable jury could find in the non-moving party's favor. *See* Fed. R. Civ. P. 56(c); *Shiver*, 549 F.3d at 1343. Even "where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from [those] facts," summary judgment may be

4

inappropriate. *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983).

Where, as here, a non-moving party fails to respond, summary judgment may be granted "if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3); *see also Fetchick v. Seminole Cty.*, 719 Fed. Appx. 973, 974 (11th Cir. 2018). Further,

> [a]ll material facts in any party's Statement of Material Facts may be deemed admitted unless controverted by the other party's Statement of Material Facts, provided that: (i) the Court finds that the material fact at issue is supported by properly cited record evidence; and (ii) any exception under [Federal Rule of Civil Procedure] 56 does not apply.

S.D. Fla. L.R. 56.1(c).

"[T]he Court cannot grant the motion simply because it was conceded or procedurally defaulted." *Est. of Reed v. Nat'l Specialty Ins. Co.*, No. 19-23178-CIV, 2020 WL 5547922, at *6 (S.D. Fla. July 29, 2020) (citing *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 505 (D.C. Cir. 2016)); *see United States v. 5800 SW 74th Ave.*, 363 F.3d 1099, 1101 (11th Cir. 2004) ("[A] district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed."). Furthermore, a motion for summary judgment may only be granted when appropriate—there must be an evidentiary showing that the moving party is entitled to judgment as a matter of law. *Id.* To this end, a district court cannot simply accept the factual statements in the unopposed motion as true, "but must ensure that the motion itself is supported by evidentiary materials." *Id.* Nonetheless, if a party fails to respond to the movant's statement of undisputed material facts, the court may accept the movant's factual assertions as admitted. *See* S.D.L.R. 56.1 ("All material facts set forth in the statement [of

5

material facts] required to be served by the moving party will be deemed to be admitted unless controverted by a statement served by the opposing party.").

### III. DISCUSSION

In the Motion for Summary Judgment, Plaintiffs seek summary judgment on the only remaining count (Count II) on the grounds that there are no genuine issues of material fact since, as Plaintiffs aver, "it is undisputable Defendants breached their fiduciary duty owed to Plaintiffs." *See* Mot. at 1. Plaintiffs contend that Defendants, as escrow agents, "had a duty to return Plaintiffs' funds held in escrow in strict accordance with Plaintiffs' agreement . . . [but] entirely failed" to do so. *Id*. at 1–2. Specifically, Plaintiffs aver that they lost $487,500 as a direct and proximate result of Defendants' breach. *Id*. at 2, 5.

As indicated above, Defendants failed to respond to the Motion. *See generally* docket. Such a failure, however, is not necessarily fatal to Defendants' claims because the Court will not grant summary judgment by default. *See United States v. 5800 SW 74th Ave.*, 363 F.3d at 1101. Nonetheless, as a result of Defendants' failure to respond, the Court now accepts Plaintiffs' factual assertions in this matter as admitted. *See* S.D. Fla. L.R. 56.1.

For the reasons set forth below, upon review of the facts asserted by Plaintiffs and drawing all inferences in Defendants' favor, this Court agrees with Plaintiffs that there are no material issues of fact in dispute. As a matter of law, Plaintiffs have established that Defendants breached their fiduciary duty and that Plaintiffs lost $487,500 as a direct and proximate result of Defendants' breach.

### A.   *Choice Of Law.*

This Court first addresses the question of which state's law applies. In a diversity case, as here, the Court must apply the substantive law of the state in which the case arose. *See*

*Pendergast v. Sprint Nextel Corp.*, 592 F.3d 1119, 1132–33 (11th Cir. 2010). Under Florida's significant relationship test, applicable to torts, the local law of the state that has the most significant relationship to the occurrence and the parties determines the rights and liabilities of the parties. *Connell v. Riggins*, 944 So.2d 1174, 1176–77 (Fla. 1st DCA 2006). Here, Plaintiffs have alleged that "(1) the contract at issue between Plaintiffs and Send Enterprises involved property located in Miami-Dade County, Florida; (2) the deposit at issue was to be held by the Escrow Agent located in Florida; and (3) the events giving rise to this cause of action accrued in Miami-Dade County, Florida." Compl. ¶ 7. This Court finds no record evidence that contradicts these allegations, and, therefore, applies Florida law to the determination of the issues presented.[1]

### B. Breach Of Fiduciary Duty Claim Against Escrow Agents.

Under Florida law, "[t]he elements of a claim for breach of fiduciary duty are: the existence of a fiduciary duty, and the breach of that duty such that it is the proximate cause of the plaintiff's damages." *Gracey v. Eaker*, 837 So. 2d 348, 353 (Fla. 2002) (citations omitted). "[E]scrow agents have a fiduciary duty to exercise reasonable skill and ordinary diligence." *Resol. Tr. Corp. v. Broad & Cassel, P.A.*, 889 F. Supp. 475, 479 (M.D. Fla. 1995) (citing *Watkins*

---

[1] This Court also carefully considered whether Texas law might apply instead, on the basis that the *situs* of the alleged injury may have been in Texas, given that Plaintiffs may have been located in Texas at the time of the alleged breach. *See State Farm Mut. Auto. Ins. Co. v. Duckworth*, 660 F. Supp. 2d 1323, 1338–39 (M.D. Fla. 2009), *aff'd*, 648 F.3d 1216 (11th Cir. 2011) (finding, under Florida choice-of-law analysis, that Maryland law governed breach of fiduciary duty claim when plaintiffs were moving from Maryland to Florida at the time of their alleged injury). Even if Plaintiffs had suffered an injury in Texas, however, that would not change the result, as Texas law does not meaningfully differ from Florida law on the breach of fiduciary duty claim. *See Flagstar Bank, FSB v Walker*, 451 S.W.3d 490, 499 (Tex. App. 2014) (an escrow agent owes a fiduciary duty under Texas law, and that duty consists of (1) the duty of loyalty, (2) the duty to make full disclosure, and (3) the duty to exercise a high degree of care to conserve the money and pay only those entitled to receive it).

*v. NCNB Nat'l Bank of Fla., N.A.*, 622 So. 2d 1063, 1064 (Fla. 3d DCA 1993)); *see also The Florida Bar v. Joy*, 679 So. 2d 1165, 1167 (Fla. 1996) (explaining that escrow agents have an obligation "to exercise reasonable skill and ordinary diligence in holding and delivering possession of the escrowed property (*i.e.*, to disburse the escrowed funds) in strict accordance with the principals' agreement.") (quoting *United American Bank of Central Florida, Inc. v. Seligman*, 599 So.2d 1014, 1016 (Fla. 5th DCA 1992)). In determining the nature and extent of an escrow agent's duties, "the language of the escrow agreement is the 'primary consideration.'" *SMP, Ltd. v. Syprett, Meshad, Resnick & Lieb, P.A.*, 584 So. 2d 1051, 1054 (Fla. 2d DCA 1991) (citations omitted).

### C. The Undisputed Facts In This Case.

The record evidence proffered by Plaintiffs in their Statement of Material Facts demonstrates that Defendants Drive and Pearl acted as the escrow agent to the Plaintiffs "for the holding, disbursement and administration of [Plaintiffs'] Deposits, all in accordance with the terms of the escrow agreement[.]" *See* ECF No. 64-1 at 5, 30, 31 (including confirmation, via "Confidential Memo," that Drive Development LLC "has received the sum of $487,500.00 from Buyer" and a "Release and Cancellation of Contract" which "instruct[s] the escrow agent to disburse the deposit" to Plaintiffs). According to Plaintiffs' declaration, Plaintiff James Giuliani and Defendant Nicole Pearl directly negotiated the Cancellation Contract, and, ultimately, Defendants have not returned the Deposit to Plaintiffs. *See id.* at 2-3.

An escrow agent breaches its fiduciary duty by mishandling escrow funds contrary to the principals' authority. *See Noureddine v. Aronsky*, No. 07-60102-CIV, 2008 WL 11399648, at *7–9 (S.D. Fla. Jan. 29, 2008) (Ungaro, J.) (applying Florida law). Here, Plaintiffs have not

merely demonstrated a *prima facie* case of mishandling of their funds; they have demonstrated a *prima facie* case of direct and proximate harm—that Defendants kept Plaintiffs' funds for themselves.

After a review of the Motion, it is apparent that the Plaintiffs satisfied their initial burden to prove the absence of a genuine issue of material fact as to the breach of fiduciary duty, which Plaintiffs allege caused $487,500 in damages. Once the burden shifted to Defendants to present evidence creating a genuine issue of material fact, Defendants failed to provide any such evidence, and the record does not support any finding contrary to Plaintiffs' assertions. Therefore, this Court finds there is no genuine issue of material fact as to whether Defendants Nicole Pearl and Drive Development, LLC owed a fiduciary duty to Plaintiffs and whether that duty was breached.

Defendants' failure to establish any viable defense warrants the entry of summary judgment in Plaintiffs' favor on the breach of fiduciary duty claim.

C.   *Plaintiffs' Motion For Sanctions.*

In the Motion for Sanctions, Plaintiffs request the Court grant their unopposed Motion for Summary Judgment and enter an order of Final Judgment in favor of Plaintiffs and against Defendants Drive Development and Nicole Pearl in the amount of $487,500. [ECF No. 73]. In that Motion, Plaintiffs explain: "Plaintiffs are most interested in expediting the resolution of this case so that they do not have to incur any further fees and costs, as the Defendants are likely uncollectible, in addition to absconding with Plaintiffs' deposits (or allowing same to be absconded) that were to be returned to Plaintiffs. An Order that provides finality for the Plaintiffs, and judgment in their favor for $487,500, is requested as the appropriate relief based

on the unanswered Motion for Summary Judgment and Defendants' continued failures to comply with Court Orders." *Id.* at ¶ 9.

In its April 3, 2024 Order, this Court ordered as follows: "If no counsel enters a formal appearance on behalf of Defendants and Defendant Nicole Pearl fails to file a *Notice of Intent to Proceed Pro Se* form by the time set forth herein [*i.e.*, by April 29, 2024 (*see* ECF No. 72)], the Court may, based on a motion by Plaintiff, or *sua sponte*, impose sanctions against Defendants, which may include but is not limited to imposition of an award of fees and costs." ECF No. 70 at 3.

"Courts have the inherent power to police those appearing before them[,]" including the power "to fashion an appropriate sanction for conduct which abuses the judicial process." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017). In order for a court to impose a sanction pursuant to its inherent authority, it must make a finding that the sanctioned party acted with subjective bad faith. *Id.* at 1224. And such a bad faith finding must be made in compliance "with the mandates of due process," requiring fair notice and an opportunity to be heard. *See Kornhauser v. Comm'r of Soc. Sec.*, 685 F.3d 1254, 1257 (11th Cir. 2012).

Here, given the long time period since entry of the Withdrawal Order and its service on Defendants, and the fact that Defendants have made no effort to hire counsel nor appear *pro se*, *see generally* docket, Defendants have not complied with this Court's Orders. And the fact that Defendants have failed to file anything in this long period of time, even though they were given notice of this Court's Order, adequately satisfies the requirement that Defendants be afforded notice and the opportunity to be heard. Nonetheless, this Court also agrees with Plaintiffs that, at this point, entry of judgment is the most appropriate sanction. The Court

need not enter judgment merely as a sanction because, for the reasons laid out above, Plaintiffs have established that they are entitled to summary judgment. Therefore, the Court will not address the issue of whether Defendants acted in bad faith nor whether sanctions are warranted.

## IV. CONCLUSION

Accordingly, for the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion for Summary Judgment **[ECF No. 63]** is **GRANTED**. Plaintiffs are entitled to Final Judgment as to Count II of the Complaint against Defendants Drive Development, LLC and Nicole Pearl in the amount of $487,500.00, representing the amount of the deposit made by Plaintiffs as damages. The Court will enter Final Judgment by separate Order. It is further

**ORDERED AND ADJUDGED** that Plaintiffs' Motion for Sanctions **[ECF No. 73]** is **DENIED WITHOUT PREJUDICE**. It is further

**ORDERED** as follows:

1. To the extent not otherwise disposed of, all pending motions are **DENIED AS MOOT**.

2. All deadlines and hearings are **TERMINATED.**

3. The Clerk is **DIRECTED** to **CLOSE** this Case.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 30th day of December, 2024.

MELISSA DAMIAN
UNITED STATES DISTRICT JUDGE